# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PROFESSOR SUSAN BARROWS, | : | CIVIL NO: 1:12-CV-02077 |
| Plaintiff, | : | |
| | : | (Judge Conner) |
| v. | : | |
| HARRISBURG UNIVERSITY OF SCIENCE AND TECHNOLOGY, | : | (Magistrate Judge Schwab) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

**I.    Introduction**.

The plaintiff, Susan Barrows ("Barrows"), brings this action under 42 U.S.C. § 1983 against her former employer, Harrisburg University of Science and Technology (the "University"), for alleged violations of her First Amendment rights to free speech and Fourteenth Amendment procedural due process rights. Additionally, Barrows raises a state law claim for breach of contract. Before the Court is the University's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we recommend that the University's motion to dismiss be granted with respect to Barrows' claims arising under 42 U.S.C. § 1983. With respect to Barrows' state law breach of contract claim, we recommend that the Court decline to exercise its supplemental

jurisdiction. And, we further recommend that Barrows' complaint be dismissed with leave to amend.

## II. Background and Procedural History.

On October 16, 2012, Barrows, a college professor, initiated this lawsuit by filing a complaint against the University for her "illegal dismissal" from employment. *Doc.* 1 at ¶ 1, 5. According to Barrows, the University is "an educational institution." *Id.* at ¶ 8. In 2006, Barrows claims that she began teaching at the University, and she was treated as a tenured professor. *Id.* at ¶ 9. Barrows allegedly taught at the University until 2012, when the University terminated her employment. *See id.*

When the University terminated Barrows' employment, it informed her that the termination was due to a financial exigency. *Id.* at ¶¶ 6, 12(f); *Doc.* 1-2. Nevertheless, the University gave Barrows a one-year nonrenewable contract that expired on June 30, 2012. *Doc.* 1-2. Barrows asserts, however, that she was actually fired in retaliation for exercising her First Amendment free speech rights by criticizing the University and for her husband's blog that "dealt with issues of public interest concerning [the University]." *Doc.* 1 at ¶ 6, 12(c), 17-18. In further support of her claims, Barrows alleges that the University continued to hire new faculty members and engage in new projects when the financial exigency

purportedly existed. *Id.* at ¶ 15. At all times, Barrows alleges, the University "acted under color of state law." *Id.* at ¶ 8.

As a result, Barrows brings this lawsuit alleging that the University violated her First Amendment free speech rights and her Fourteenth Amendment procedural due process rights. *Id.* at ¶¶ 12(b – d), 15, 19. In addition, because she believes that she was actually terminated in retaliation for exercising her free speech rights, not for any financial exigency that existed, Barrows also brings a cause of action for breach of contract. *Id.* at ¶ 12(a). Based on the alleged facts and violations of law, Barrows requests injunctive relief and damages including, but not limited to, reinstatement to her position as a professor. *Id.* at ¶ 7.

On April 9, 2013, after Barrows filed her complaint, the University filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) and a brief in support. *Docs.* 5 & 6. On April 22, 2013, Barrows filed a timely brief in opposition. *Doc.* 10. Thereafter, on May 3, 2013, the University filed a reply brief. *Doc.* 11. The parties having fully briefed the motion, it is ripe for disposition on the merits.

### III. <u>Standard of Review – 12(b)(6) Motion to Dismiss</u>.

The University has moved to dismiss Barrows' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."

3

Fed.R.Civ.P. 12(b)(6). The Third Circuit recently noted this evolving benchmark standard for legal sufficiency of a complaint stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) continuing with our opinion in *Philips* [*v. County of Allegheny*, 515 F.3d 224, 230 (3rd Cir.2008) ] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*[, 556 U.S. 662], 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UMPC Shadyside*, 578 F.3d 203, 209–10 (3rd Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3rd Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir. 1997). Further, a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). The Supreme Court has stated that in order to state a valid cause of action, a plaintiff must provide some factual

grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court in *Twombly* also stressed that the allegations and the supporting facts must raise a right to relief to something higher than a speculative level. *Id.* More recently, the Supreme Court refined these pleading requirements stating that the pleaded facts must amount to more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Thus, when reviewing pleadings for sufficiency, the Supreme Court advises trial courts to:

> Begin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must-be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

As such, following *Twombly* and *Iqbal* a well-pleaded complaint must contain more than mere legal labels and conclusions and raise the plaintiff's claimed right to relief beyond the level of mere speculation. The Third Circuit advised that:

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler*, 578 F.3d at 210–11.

Applying these guiding principles, we find that the allegations set forth in Barrows' complaint are insufficient to state a claim upon which the relief requested can be granted under 42 U.S.C. § 1983. Therefore, the University's motion to dismiss should be granted, and, in addition, the Court should decline to exercise its supplemental jurisdiction over Barrows' state law claim for breach of contract.

## IV. Discussion.

**1. Claims Arising Under 42 U.S.C. § 1983.**

Barrows brings this action under 42 U.S.C. § 1983 claiming violations of her First Amendment rights to free speech and Fourteenth Amendment procedural due process rights. It is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the

Constitution and laws of the United States. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well-settled that:

> Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two essential elements of a § 1983 action are: *(1) whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981).

*Boykin v. Bloomsburg University of Pennsylvania*, 893 F.Supp. 409, 416 (M.D.Pa. 1995), *aff'd*, 91 F.3d 122 (3d Cir. 1996)(emphasis added). Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the plaintiff's rights. In *United States v. Price*, 383 U.S. 787, 794 n.7 (1966), the Supreme Court stated, "[i]n cases under § 1983 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." The ultimate issue in determining whether a person is subject to suit under § 1983, therefore, is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights

7

"fairly attributable to the State?" *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). To the extent that a complaint seeks to hold purely private parties liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

In certain circumstances, however, a plaintiff can show that a private entity acted 'under color' of state law. Such determination is "necessarily [a] fact-bound inquiry." *Brentwood Acad. v. Tennessee Secondary School Athletic Assoc., et al.*, 531 U.S. 288, 298 (2001); *see Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 722, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961) ("Only by sifting facts and weighing circumstances can the nonobvious involvement of the State in private conduct be attributed its true significance."); *Crissman v. Dover Downs Entertainment, Inc.*, 289 F.3d 231, 233–34 (3d Cir. 2002)("Although little is straightforward in determining whether a private actor has acted 'under color of state law,' one directive emerges from the Supreme Court's jurisprudence: the facts are crucial.").

In *Brentwood Academy*, the Supreme Court identified several different factual approaches to aid in determining whether a private actor's conduct is "fairly attributable" to state action:

> We have, for example, held that a challenged activity may be state action when it results from the State's exercise of "coercive power," *Blum* [*v. Yaretsky*, 457 U.S. 991, 1004, (1982)], when the State provides "significant encouragement, either overt or covert," *ibid.*, or when a private actor operates as a "willful participant in joint activity with the State or its agents," *Lugar* [*v.*

> *Edmonson Oil Co., Inc.*, 457 U.S. 922, 941 (1982)] (internal quotation marks omitted). We have treated a nominally private entity as a state actor when it is controlled by an "agency of the State," *Pennsylvania v. Board of Directors of City Trusts of Philadelphia*, 353 U.S. 230, 231, 77 S.Ct. 806, 1 L.Ed.2d 792 (1957) (per curiam), when it has been delegated a public function by the State, *cf.*, *e.g.*, *West v. Atkins*, *supra*, at 56, 108 S.Ct. 2250; *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 627-628, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), when it is "entwined with governmental policies," or when government is "entwined in [its] management or control," *Evans v. Newton*, 382 U.S. 296, 299, 301, 86 S.Ct. 486, 15 L.Ed.2d 373 (1966).

*Brentwood Acad.*, 531 U.S. at 296. On the other hand, a private entity does not become a state actor for purposes of § 1983 simply because it is *subject to* state regulations or receives funding from the state. *See Rendell-Baker*, 457 U.S. at 840 (holding that nonprofit, private "school's receipt of public funds does not make [its] discharge decisions acts of the State").

The Third Circuit suggests that the aforementioned factual approaches are not tests that are different in operation, but rather "different ways of characterizing the necessarily fact-bound inquiry that confronts the Court in [each] situation." *Crissman*, 289 F.3d at 239 n. 12 (citing *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 939, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). The Third Circuit has also characterized the approaches in two broadly-defined categories: the first category involves an activity that is significantly encouraged by the state or in which the state acts as a joint participant; the second category of cases involves an actor that is controlled by the state, performs a function delegated by the state, or is entwined

9

with government policies or management.[1]  *Leshko v. Servis*, 423 F.3d 337, 340 (3d Cir. 2005).  Despite the characterization, the facts relating to defendant's challenged conduct must bear a "very significant relationship to the state." *Crissman*, 289 F.3d at 240.

In this case, Barrows' argument that she meets her federal court pleading requirements by merely asserting that the University "is an educational institution which acted under color of state law" (*Doc.* 1 at ¶ 8), and anticipating that discovery will quantify the state nexus, misses the import of *Twombly* and *Iqbal*. Although the determination of whether an entity is a state actor subject to § 1983 liability is a fact specific inquiry, this does not relieve the Court of its inquiry into whether the plaintiff has sufficiently plead that the defendant acted under color of state law thereby subjecting the defendant to suit under § 1983.

In her complaint, Barrows offers no facts to support the bald legal assertion that the University acted under color of state law.  More specifically, the Complaint is lacking in allegations that assert, or suggest, that the University acted with significant encouragement from the state, as a joint participant with the state, that the University performed a delegated state function, or that the University was in a position of interdependence with the state.  *Brentwood Acad.*, 531 U.S. at 296;

---

[1] Further, as it specifically relates to this case, education is not a public function that is within the exclusive province of the state.  *See Rendell-Baker*, 457 U.S. at 842.

*Leshko*, 423 F.3d at 339.  Consequently, Barrows has not plausibly shown that the University is a state actor in order to establish a viable claim under § 1983.  As a result, Barrows' Complaint should be dismissed.   Nevertheless, we recommend affording Barrows one final opportunity to amend her complaint to cure the defects cited herein, as we do not find that such an amendment would be inequitable or futile.  *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citation omitted).

    **2.  Breach of Contract Claim**.[2]

In addition to the constitutional claims, *supra*, Barrows asserts a cause of action for breach of contract arising under state law.  Barrows claims that the Court has supplemental jurisdiction over this state law claim under 28 U.S.C. § 1367, which provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

---

[2]    As the University points out, Barrows has compiled multiple claims within single counts.  Thus, in addition to the pleading requirements set forth herein, the Court directs Barrows to Fed. R. Civ. P. 10(b), which requires her to state claims in numbered paragraphs, "each limited ... to a single set of circumstances."

In accord with the jurisdictional statute, federal courts may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367; *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)("Where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.").

Here, we have recommended that Barrows' § 1983 claims be dismissed, leaving only her state law breach of contract claim. We further find that in this matter there are no compelling considerations that would weigh in favor of the Court exercising its supplemental jurisdiction over Barrows' state law claim. Consequently, we recommend that the Court decline to exercise supplemental jurisdiction over this claim and dismiss it.

## V. **Recommendation**.

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that:

(1) The University's motion to dismiss the complaint (*Doc*. 5) be **GRANTED** with respect to Barrows' § 1983 claims;

(2) The Court should decline to exercise supplemental jurisdiction with respect to Barrows' state law breach of contract claim; and

(3) Barrows' complaint (*Doc*. 1) be **DISMISSED** with leave to amend.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **18th** day of **June, 2013**.

> *S/ Susan E. Schwab*
> **Susan E. Schwab**
> **United States Magistrate Judge**